WETHERELL, J.
Appellant was convicted of attempted, first-degree, murder, armed burglary, and armed robbery and sentenced to a total of 60 years in prison with an aggregate minimum mandatory term of 50 years. He raises four issues in this direct appeal, only one of which merits discussion: whether his sentence is a “de facto life • senténce” that is unconstitutional based on Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).[1] We conclude that it is and remand for resentencing.
Appellant was 16 years, 10 months old when he robbed the victim at gunpoint and shot the victim multiple times, including once in the mouth at point-blank range. But for the fact that Appellant was a juvenile, he could have been sentenced to a minimum mandatory term of life in prison for these offenses. See § 775.087(2)(a)3., Fla. Stat. (2009). And based on the trial judge’s comments at the sentencing hearing, there is a good chance that he would have sentenced Appellant to life in prison if it were not for Graham.
Appellant did not explicitly argue at the sentencing hearing that a lengthy term-of-years sentence would be unconstitutional under Graham; but, in response to the prosecutor’s argument that Graham did not preclude the court from imposing a 60-year day-for-day sentence, Appellant’s attorney argued that the court should sentence Appellant to no more than 30 years so that he would “have some light at the end of the tunnel and ... a chance to get his life back.”[2] Appellant explicitly raised the issue in a rule 3.800(b)(2) motion, which the trial court denied on the basis that Graham was not applicable because Appellant was not sentenced to life without parole or to such a lengthy sentence that it amounted to a de facto life sentence.
If we were writing on a clean slate, we would affirm Appellant’s sentence based on the reasoning in Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012). In that case, our sister court affirmed a juvenile’s aggregate 90-year prison sentence, explaining:
If we conclude that Graharn does not apply to aggregate term-of-years sentences, our path is clear. If, on the other hand, under the notion that a term-of-years sentence can be a de facto life sentence that violates the limitations of the Eighth Amendment, Graham offers no direction whatsoever. At what number of years would the Eighth *851 Amendment become implicated in the sentencing of a juvenile: twenty, thirty, forty, fifty, some lesser or greater number? Would gain time be taken into account? Could the number vary from offender to offender based on race, gender, socioeconomic class or other criteria? ‘ Does the number of crimes matter? There is language in the Graham majority opinion that suggests that no matter the number of offenses or victims or type of crime, a juvenile may not receive a sentence that will cause him to spend his entire life incarcerated without a chance for rehabilitation, in which case it would make no logical difference whether the sentence is “life” or 107 years. Without any tools to work with, however, we can only apply Graham as it is written. If the Supreme Court has more in mind, it will have to say what that is. We conclude that Henry’s aggregate term-of-years sentence is not invalid under the Eighth Amendment and affirm the decision below.
Id. at 1089 (footnotes omitted); and cf. Alvarez v. State, 358 So.2d 10, 12 (Fla.1978) (rejecting argument that the defendant’s life expectancy should be taken into account in determining whether a lengthy sentence exceeded the statutory maximum of “a term of years less than life” because “[a]ny séntence, no matter how short, may eventually extend beyond the life of a prisoner”).
But we are not writing on a clean slate. This court, in a series of recent decisions, has considered whether and how Graham applies to lengthy term-of-years sentences imposed on juveniles for non-homicide .crimes. See Smith v. State, 93 So.3d 371 (Fla. 1st DCA 2012) (affirming an 80-year sentence for a 17-year-old defendant); Floyd v. State, 87 So.3d 45 (Fla. 1st DCA 2012) (reversing an 80-year sentence for a 17-year-old defendant); Thomas v. State, 78 So.3d 644 .(Fla. 1st DCA 2011) (affirming a 50-year sentence with a 25-year minimum mandatory for a 17-year old-defendant); Gridine v. State, 89 So.3d 909 (Fla. 1st DCA 2011) (affirming a 70-year sentence with a 25-year minimum mandatory for a 14-year~old defendant). The rule of law established by these cases is twofold: first, Graham applies not only to life without parole sentences, but also to lengthy term-of-years sentences that amount to de facto life sentences; and second, a de facto life sentence is one that exceeds the defendant’s life expectancy. Several of these cases are now pending at the Florida Supreme Court so that court will likely soon address whether the rule of law adopted by this court is correct.[3] Until then, we are required to follow this rule of law. See In re Rule 9.331, 416 So.2d 1127, 1128. (Fla.1982) (explaining that “a three-judge panel of a district court should not overrule or recede from a prior panel’s ruling on an identical point of the law,” and noting that a panel confronted with precedent with which it disagrees can suggest an en banc hearing or .certify the issue to the Florida Supreme Court. ..for resolution).
Appellant’s sentence will require him to serve at least 58.5 years in prison,[4] which means he will not be released until he is nearly 76 years old. This exceeds his *852 life expectancy, as reflected in the National Vital Statistics Reports from the federal Centers for Disease Control and Prevention cited by Appellant in his rule 3.800(b)(2) motion.[5] Thus, applying the rule of law set forth above, we hold that Appellant’s sentence is a de facto life sentence that is unconstitutional under Graham.
Because this holding is based on a rule of law that directly conflicts with the rule of law adopted by the Fifth District in Henry, we certify conflict with that decision. Also, because the issue framed by this case is one of great public importance, we certify the following questions to the Florida Supreme Court:
1. DOES GRAHAM V. FLORIDA 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), APPLY TO LENGTHY TERM-OF-YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE SENTENCES?
2. IF SO, AT WHAT POINT DOES A TERM-OF-YEARS SENTENCE BECOME A DE FACTO LIFE SENTENCE?
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
THOMAS AND MARSTILLER, JJ., concur.

. We affirm the other issues raised by Appellant without further comment, and we also reject the State’s argument that attempted first-degree murder is a homicide crime for purposes of Graham. See McCullum v. State, 60 So.3d 502 (Fla. 1st DCA 2011), rev. denied, 67 So.3d 1050 (Fla.2011).

. Appellant's attorney further argued:
Mr. Adams is still a young man. He was an even younger man when ... he committed this crime. We would ask that the Court at least give him a chance to, once he has reflected on what has happened here, on the terrible tragedy that has occurred .and on the consequences of his actions, give him a chance to apply that, and to still have some life left and come out and try and make a better life and maybe even try through some small way malee some small progress for making up what has happened here in this terrible sequence of events,
This argument tracks the reasoning in Graham that, although the Eighth Amendment does not require the state to release a defendant during his natural life, the state must "give [juvenile] defendants ... some meaningful opportunity to obtain release based on • demonstrated' maturity and rehabilitation.” 130 S.Ct. at 2030,

. See Gridine v. State, Case No. SC12-1223 (notice to invoke discretionary jurisdiction filed June 11, 2012); State v. Floyd, Case No. SC12-1026 (stayed pending disposition of Gridine); see also Henry v. State, Case No. SC 12-578 (stayed pending disposition of Gridine).

. Appellant must serve the first 50 years of his sentence day-for-day and he will then have to serve at least 85% of the remaining 10 years of his sentence. See §§ 775.087(2)(b), 944.275(4)(b)3„ Fla. Stat,-(2009).

, The State did not dispute any of the facts asserted in the motion, including Appellant’s projected life expectancy,