PER CURIAM.
 

 Appellant, Daryl D. Thomas, was convicted of armed robbery and aggravated battery and was sentenced to concurrent terms of fifty years’ imprisonment with twenty-five-year mandatory minimums. First, Appellant argues that the trial court erred in allowing the State to use a peremptory challenge on an African-American juror. Even if this issue had been preserved for appellate review, it is without merit. Second, Appellant argues that his sentence is unconstitutional pursuant to
 
 Graham, v. Florida,
 
 — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (May 17, 2010), because he was seventeen years old when he committed the charged crimes.
 

 The victim, Alphonso Fly, was shooting dice with Dominique Lloyd behind an abandoned house, and Appellant and others were watching the game. Fly went to his truck during the game to get $100 so he could continue to play dice. Appellant told one of the on-lookers that he was going to rob Fly. Fly was shooting the dice when Appellant walked behind him, pulled a gun, and told him to “give it up.” Fly struggled with Appellant over the gun, but Appellant shot Fly in the back, paralyzing Fly from the waist down. The trial court originally sentenced Appellant to concurrent terms of life imprisonment, but, pursuant to a Florida Rule of Criminal Procedure 3.800(b)(2) motion, the trial court reduced the life sentences to concurrent terms of fifty years’ imprisonment after considering the reasoning of
 
 Graham.
 

 Defense counsel filed a second rule 3.800(b)(2) motion arguing that Appellant’s sentence of fifty years’ imprisonment violated the spirit of
 
 Graham
 
 because Appellant would not receive review of his sentence until he completed serving 85% of
 
 *646
 
 his sentence. The trial court denied this motion, finding that the fifty-year sentence was not the functional equivalent of a life sentence because the average life expectancy for an African-American male was 70.2 years; thus, even if Appellant served his entire sentence, he would only be in his late sixties when he was released. Appellant argues that the trial court erred in denying the 3.800(b)(2) motion and urges this Court to find that his sentence is unconstitutional.
 

 In
 
 Graham,
 
 the defendant committed armed burglary with assault or battery and attempted armed robbery when he was sixteen years old.
 
 Id.
 
 at 2018. The trial court withheld adjudication of guilt and sentenced Graham to concurrent terms of three years’ probation. One year later, Graham admitted to violating the terms of his probation, and the trial court adjudicated him guilty of the underlying offenses and sentenced him to concurrent terms of life imprisonment and fifteen years’ imprisonment.
 
 Id.
 
 at 2019-20. Graham argued that his sentence violated the Eighth Amendment’s prohibition against cruel and unusual punishment.
 
 Id.
 
 at 2020. Due to juveniles’ diminished moral responsibility, the Supreme Court held that the Eighth Amendment prohibited life sentences without the possibility for parole for juveniles convicted of nonhomicide crimes because life sentences improperly denied juvenile offenders a chance to demonstrate growth and maturity.
 
 Id.
 
 at 2029-30.
 

 Appellant asks this Court to apply
 
 Graham
 
 to his case and find that his concurrent fifty-year sentences are the functional equivalent of life sentences. However, the Supreme Court specifically limited its holding to only “those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.”
 
 Id.
 
 at 2023. While we agree that at some point, a term-of-years sentence may become the functional equivalent of a life sentence, we do not believe that situation has occurred in the instant case.
 
 See United States v. Mathunn,
 
 2011 WL 2580775 (S.D.Fla. June 29, 2011) (finding that a mandatory minimum sentence of 307 years’ imprisonment for a juvenile was unconstitutional);
 
 People v. Mendez,
 
 188 Cal.App.4th 47, 114 Cal.Rptr.3d 870 (2010) (holding that an eighty-four-year sentence for a sixteen-year-old offender for a nonhomicide offense was unconstitutional). As found by the trial court, Appellant would be in his late sixties when he is released from prison if he was required to serve the entirety of his sentence. Thus, Appellant’s sentence is not equivalent to life imprisonment without the possibility of parole.
 

 We acknowledge that there is little guidance on how trial courts should proceed with claims such as Appellant’s because the United States Supreme Court has yet to address the issue of whether and at what point a term-of-year sentence would violate the Eighth Amendment. However, the language of
 
 Graham
 
 provides a solution to this problem. The Supreme Court held:
 

 A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying
 
 *647
 
 crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.
 

 Graham,
 
 130 S.Ct. at 2030. This Court lacks the authority to craft a solution to this problem. We encourage the Legislature to consider modifying Florida’s current sentencing scheme to include a mechanism for review of juvenile offenders sentenced as adults as discussed in Graham.
 
 *
 

 We, therefore, AFFIRM the trial court’s imposition of judgments and sentences.
 

 DAVIS, VAN NORTWICK, and THOMAS, JJ., concur.
 

 *
 

 See
 
 Sally Terry Green,
 
 Realistic Opportunity for Release Equals Rehabilitation: How the States Must Provide Meaningful Opportunity for Release,
 
 16 Berkeley J.Crim. L. 1 (2011) (discussing how states may comply with the holding of Graham).