HAWKES, J.
Appellant, Shimeek Gridine, argues that the United States Supreme Court’s holding in Graham v. Florida, — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), prohibits Florida trial courts from imposing a seventy-year sentence on juvenile defendants. We disagree with his assertion that his sentence is the “functional equivalent” of a natural life sentence without the possibility of parole and affirm the trial court’s finding that “[b]y the express holding of Graham, the term of years sentence imposed does not run afoul of the United States Supreme Court’s decision.”
On April 21, 2009, Mr. Gridine approached his victim, pointed a loaded shotgun at him and demanded he hand over whatever money and/or property he had on his person. When the victim attempted to run, Mr. Gridine fired the shotgun at him, “striking [him] on his face, head, neck, shoulder, side and back.” Security cameras at a nearby gas station recorded Mr. Gridine fleeing from the scene of the shooting. He was fourteen years old on the date he shot the victim.
The State filed a Certificate of Filing Direct Information on Juvenile and charged Mr. Gridine with one count of attempted first degree murder, one count of attempted armed robbery, and one count of aggravated battery. He pled guilty to all three counts.
After a sentencing hearing, the trial court adjudicated Mr. Gridine guilty and sentenced him to a seventy-year prison sentence for committing attempted first degree murder and a twenty-five year concurrent sentence for committing attempted armed robbery (the State nolle prossed the aggravated battery charge). Included in the sentence was a twenty-five year minimum mandatory for his using a firearm during his commission of the charged offenses.
Pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure, Mr. Gridine filed a Motion to Correct Sentencing Error, arguing his sentence violated the Eighth Amendment of the United States Constitution. Specifically, he referenced the United States Supreme Court’s decision in Graham v. Florida, — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and equated his sentence to “a de facto life sentence.” In its order denying the motion, the trial court found Graham inapplicable to Mr. Gridine’s situation on grounds that he did not face a life sentence without the possibility of parole. We agree.
In Graham, the defendant committed armed burglary with assault or battery and attempted armed robbery when he was sixteen years old. Id. at 2018. The trial court withheld adjudication of guilt and sentenced Graham to concurrent terms of three years’ probation. One year later, Graham admitted to violating the terms of his probation, and the trial court adjudicated him guilty of the underlying offenses and sentenced him to concurrent terms of life imprisonment and fifteen years’ imprisonment. Id. at 2019-20. Graham argued that his sentence violated the Eighth Amendment’s prohibition against cruel and unusual punishment. Id. at 2020. Due to juveniles’ diminished moral responsibility, the Supreme Court held that the Eighth Amendment prohibited life sentences without the possibility for parole for juveniles convicted of nonhomicide crimes because life sentences improperly denied juvenile offenders a chance to demonstrate growth and maturity. Id. at 2029-30. Specifically, the Supreme Court held:
A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What *911 the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.
Graham, 130 S.Ct. at 2030.
Appellant asks this Court to apply Graham to his case and find that his seventy-year sentence is the functional equivalent of a natural life sentence. However, the Supreme Court specifically limited its holding in Graham to only “those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.” Id. at 2023; See also Thomas v. State, 78 So.3d 644 (Fla. 1st DCA 2011) (affirming a juvenile’s fifty-year sentence for armed robbery and aggravated battery); and see Manuel v. State, 48 So.3d 94, 98 n. 3 (Fla. 2d DCA 2010) (affirming a juvenile’s forty-year sentence for attempted murder with a firearm).
As in Thomas, we agree that at some point, a term-of-years sentence may become the functional equivalent of a life sentence. See United States v. Mathurin, 2011 WL 2580775 (S.D.Fla. June 29, 2011) (finding that a mandatory minimum sentence of three-hundred and seven years’ imprisonment for a juvenile was unconstitutional). Nevertheless, we do not believe that situation has occurred in the instant case.
We, therefore, AFFIRM the trial court’s imposition of judgment and sentence.
AFFIRMED.
ROBERTS, J., Concurs; WOLF, J., Dissents with Opinion.