PER CURIAM.
Appellant, Antonio Demetrius Floyd, argues that his combined eighty-year sentence for two counts of armed robbery violates the prohibition against cruel and unusual punishment because it constitutes the functional equivalent of a life sentence without parole for a juvenile convicted of a nonhomicide offense, which was held to be unconstitutional in Graham v. Florida, — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Finding merit in Appellant’s argument, we reverse and remand for resen-tencing.
Appellant was seventeen years of age in 1998 when he committed grand theft auto and two counts of armed robbery with a firearm, which, according to the prosecutor’s description during the resentencing hearing, was a pellet gun that was “realistic looking.” The trial court initially sentenced Appellant to life imprisonment on the armed robbery counts. After Graham was issued more than a decade later, the trial court resentenced Appellant to consecutive forty-year sentences on the two *46 armed robbery counts. While his appeal was pending, Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), wherein he raised the argument he now raises on appeal. The trial court denied the motion, citing Graham for the proposition that the Eighth Amendment does not require the State to release a juvenile defendant who commits a nonhomicide offense during his or her natural life.
In Graham, the United States Supreme Court addressed the constitutionality of a life without parole sentence for a juvenile who was sixteen when he committed armed burglary with assault or battery and attempted armed robbery. The Court held that the Eighth Amendment forbids a sentence of life without parole for a juvenile offender who commits a nonhomicide offense. 130 S.Ct. at 2030. In doing so, the Court explained that while a state is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide offense, it must give defendants like Graham “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Id. It also set forth that while the Eighth Amendment does not foreclose the possibility that juveniles convicted of nonhomi-cide crimes will remain behind bars for life, it does “forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.” Id.
Since Graham was issued, we have reviewed two lengthy term-of-years sentences for juveniles who committed nonho-micide crimes. In Thomas v. State, 78 So.3d 644, 646 (Fla. 1st DCA 2011), we noted that the Graham holding was limited to those juveniles who were sentenced to life without parole for nonhomicide crimes. Although we agreed that, at some point, a term-of-years sentence may become the functional equivalent of a life sentence, we rejected the appellant’s argument that his fifty-year concurrent sentences met that standard because, as found by the trial court, the appellant would be in his late sixties when he was released from prison, if he was required to serve the entirety of his sentence. 78 So.3d at 646. In Gridine v. State, 89 So.3d 909, 2011 WL 6849649 (Fla. 1st DCA 2011), while again noting that, at some point, a term-of-years sentence may become the functional equivalent of a life sentence, we rejected the argument that a seventy-year sentence was unconstitutional.
In this case, we are faced with a situation where Appellant, if he serves the entirety of his sentence, will be ninety-seven when he is released. Even if Appellant received the maximum amount of gain time, the earliest he would be released is at age eighty-five. See § 921.002(l)(e), Fla. Stat. (1998) (providing that parole is not applied to defendants sentenced under the Criminal Punishment Code, that sentences in Florida reflect the length of actual time to be served, shortened only by the application of incentive and meritorious gain time, and that defendants must serve no less than eighty-five percent of their term of imprisonment). This situation does not in any way provide Appellant with a meaningful or realistic opportunity to obtain release, as required by Graham. While the trial court was correct that the Eighth Amendment does not foreclose the possibility that juveniles who commit non-homicide crimes will remain in prison for life, Graham also cautioned that states are foreclosed from making the judgment at the outset that those offenders will never be fit to reenter society. By sentencing Appellant to eighty years in prison, the trial court impermissibly made that judgment.
*47 In reaching our decision, we are mindful of those cases, both in Florida and in other states, where the courts have deemed lengthy term-of-years sentences constitutional. See, e.g., Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012) (holding that a ninety-year sentence for a juvenile defendant who committed nonhomicide offenses was constitutional); State v. Kasic, 228 Ariz. 228, 265 P.3d 410, 415 (2011) (holding that a combined 139.75-year sentence for a juvenile defendant who committed non-homicide offenses was constitutional); People v. Caballero, 119 Cal.Rptr.3d 920, 926 (Cal.App.Ct.2011) (holding that a 110-year sentence for a juvenile defendant who committed nonhomicide offenses was constitutional). We disagree with those courts, however, that a lengthy term-of-years sentence cannot constitute the functional equivalent of a life sentence without parole. As the California appellate court reasoned in People v. Mendez, 188 Cal.App.4th 47, 114 Cal.Rptr.3d 870, 882-83 (2010), while Graham’s holding was expressly limited to juveniles sentenced to life without the possibility of parole, courts should be guided by the principles set forth in Graham when evaluating a lengthy term-of-years sentence for a juvenile who was convicted of a nonhomicide offense. In holding that the juvenile defendant’s eighty-four-year sentence was unconstitutional, the court found that common sense dictated that a juvenile who is sentenced at the age of eighteen and who is not eligible for parole until after he is expected to die does not have a “meaningful” or, as the Supreme Court also described, “realistic” opportunity of release. 114 Cal.Rptr.3d at 883; see also United States v. Mathurin, No. 09-21075-Cr, 2011 WL 2580775 (S.D.Fla. June 29, 2011) (holding that a 307-year sentence for a juvenile who committed nonhomicide offenses was unconstitutional); People v. J.I.A., 127 Cal.Rptr.3d 141, 149 (CalApp. Ct.2011) (holding that the juvenile’s sentence, which had a minimum period of actual confinement of 56.5 years, was unconstitutional because the defendant would not be eligible for parole until about the time he was expected to die); People v. De Jesus Nunez, 125 Cal.Rptr.3d 616, 617 (Cal.App.Ct.2011) (holding that the juvenile’s sentence, which precluded the possibility of parole for 175 years, was unconstitutional).
In this case, common sense dictates that Appellant’s eighty-year sentence, which, according to the statistics cited by Appellant, is longer than his life expectancy, is the functional equivalent of a life without parole sentence and will not provide him with a meaningful or realistic opportunity to obtain release. We, therefore, reverse Appellant’s forty-year consecutive sentences and remand for resentencing. In doing so, we encourage the Legislature to follow the Supreme Court’s guidance in Graham and to “explore the means and mechanisms for compliance” of its opinion. Until either the Legislature or a higher court addresses the issue, the uncertainty that has arisen in this area of the law since Graham was issued will undoubtedly continue.
REVERSED and REMANDED for re-sentencing.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.