COHEN, J.
Following a jury trial, Michael Scott Johnson, Jr., was convicted of two counts of kidnapping with a firearm, two counts of robbery with a firearm, and one count of sexual battery. After initially sentencing Johnson to four concurrent life sentences on the kidnapping and robbery charges, along with a concurrent fifteen-year sentence on the sexual battery charge,[1] the trial court vacated the life sentences and conducted a new sentencing hearing pursuant to Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).
*758 The charges in this case stemmed from an incident in which Johnson and two co-defendants ordered two women into a vehicle at gunpoint, forced them to withdraw money from a bank, and took them to a field where they forced the women to engage in sexual acts with each of the assailants. Johnson was sixteen years old when he committed these crimes.
Following a new sentencing hearing at which evidence was taken, the trial court resentenced Johnson to four concurrent forty-year sentences, with the fifteen-year sentence for the sexual battery remaining concurrent. On appeal, Johnson argues the forty-year sentences amount to a de facto life sentence, constituting cruel and unusual punishment because they do not provide a meaningful opportunity for release based on demonstrated maturity and rehabilitation.
Johnson acknowledges the legal argument herein was already rejected by this Court in Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012), where a juvenile defendant received consecutive sentences that totaled ninety years in prison for several non-homicide counts that arose from a single criminal episode. This Court affirmed, determining that the strict language of Graham did not apply to aggregate term-of-years sentences. Id. at 1089.
In Floyd v. State, 87 So.3d 45, 47 (Fla. 1st DCA 2012), the First District Court of Appeal undertook a different analysis, finding a combined eighty-year sentence imposed on a seventeen-year-old for two armed robbery charges was a de facto life sentence because the sentence was longer than Floyd’s life expectancy. The different approaches to interpreting Graham are now before the Florida Supreme Court,[2] and may ultimately be before the United States Supreme Court.
Under either analysis, Johnson’s sentence does not run afoul of Graham. No argument was made below or on appeal that the sentences exceed his life expectancy, and thus, are equivalent to a de facto life sentence under Floyd. In any event, this Court’s opinion in Henry is disposi-tive. Accordingly, we affirm.
AFFIRMED.
LAWSON and EVANDER, JJ., concur.

. Those sentences were to run consecutively with a prior sentence Johnson was serving for an unrelated robbery with a firearm.

. See Gridine v. State. 103 So.3d 139 (Fla.2012); Henry v. State, 107 So.3d 405 (Fla.2012).