PER CURIAM.
We are presented with an emergency petition for writ of prohibition asking that we order the trial court to dismiss the first-degree murder charge against Petitioner, Anthony Ortiz. Petitioner twice moved unsuccessfully in the trial court to dismiss his indictment for first-degree murder, claiming that he was a juvenile at the time of the alleged offense and that no legal sentence currently exists for first-degree murder should he be convicted. He contends that the only two penalties statutorily authorized for first-degree murder, death and mandatory life without parole, have been declared unconstitutional as to juvenile offenders. See § 775.082(1), Fla. Stat. (2012); Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (invalidating death penalty for juvenile offenders); Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (invalidating mandatory life without parole for juvenile offenders). Petitioner argues that his right to Due Process is therefore violated because the indictment fails to provide him with adequate notice of the possible penalties or punishment that he would face upon plea or conviction.
Petitioner’s arguments are unpersuasive and ignore the decision in Washington v. State, 103 So.3d 917 (Fla. 1st DCA 2012), in which this Court affirmed a juvenile defendant’s conviction for first-degree murder but reversed his mandatory life sentence and remanded for resen-tencing in accordance with Miller. Washington clearly set forth a valid sentencing option on remand, one that operates as a ceiling and is applicable to juvenile defendants: life without parole after a juvenile mitigation inquiry. See also Neely v. State, 38 Fla. Law Weekly D851 (Fla. 3d DCA Apr.17, 2013) (“Because Miller did not categorically bar a life sentence without parole for a juvenile, this decision does not preclude the trial court from again imposing a life term without possibility of parole should the trial court upon reconsideration deem such sentence justified.”). In light of Washington, Petitioner has actual notice that he may face up to life in prison without the possibility of parole if convicted of first-degree murder. Washington also leaves unchanged the broad existing prosecutorial discretion to enter into plea negotiations including downward departures and pleas to lesser included offenses.
The fact that the procedural posture of this case is different from the one in Washington is of no moment. Prohibition is narrow in scope and is appropriate to prevent a lower tribunal from acting in the absence of or in excess of its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla.1977). It may not be used “to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction.” Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992). The petition is not directed to the existence of the lower court’s jurisdiction, but to its authority to impose a constitutional sentence. A circuit court has jurisdiction to conduct proceedings in a first-degree murder case. That constitutional issues may arise at the sentencing stage does not divest the court of its power to preside over such matters or otherwise create a jurisdictional defect that would give rise to a basis for granting prohibition relief.
The petition for writ of prohibition is denied on the merits.
BENTON and RAY, JJ., concur; MAKAR, J., Concurs with written opinion.