PALMER, J.
Scott Brian Weiand (defendant) appeals the trial court’s order denying his motion for post-conviction relief, filed pursuant to rules 3.850 and 3.800(a) of the Florida Rules of Criminal Procedure. Determining that the defendant’s sentences of life imprisonment without parole on his kidnapping and robbery convictions are illegal, we reverse the sentences.
In 1988, the defendant pled guilty, in five separate cases, to crimes he commit *435 ted when he was 17-years old. Pursuant to a negotiated plea agreement, on the homicide conviction, the defendant was sentenced to a term of life in prison with the possibility of parole after serving a mandatory minimum of 25 years, and on the kidnapping and robbery convictions he was sentenced to concurrent terms of life in prison to be served consecutive to the homicide sentence.[1]
Fourteen years later, in 2012, the defendant filed a motion seeking post-conviction relief alleging five claims for relief. The trial court entered an order denying the motion without conducting a hearing thereon. This appeal followed.
The defendant challenges the trial court’s summary denial of all five of his claims for relief. We conclude that only one of the challenges possesses merit.
In that regard, the defendant challenges the trial court’s ruling rejecting his claim that his life sentences on his non-homicide convictions are illegal under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).[2] The trial court held that, “[u]nder the express language of Graham, because defendant was sentenced on a homicide at the same time that he was sentenced to life in prison for non-homicide offenses, his sentence does not violate the Eighth Amendment. Pursuant to Graham, when at least one offense is a homicide offense, there is no Eighth Amendment prohibition to sentencing a juvenile to life imprisonment for non-homicide offense at the same time.” This reasoning is supported by Lawton v. State, 109 So.3d 825 (Fla. 3d DCA 2013) and Starks v. State, 128 So.3d 91, 2013 WL 5225311 (Fla. 2d DCA Sept. 18, 2013).
However, in Johnson v. State, — So.3d -, 2013 WL 1809685, 38 Fla. L. Weekly D953 (Fla. 1st DCA Apr. 30, 2013), the First District concluded that there was no exception in Graham for juvenile offenders who commit both homicide and non-homicide offenses. Accord Jackson v. State, — So.3d -, 2013 WL 3013582, 38 Fla. L. Weekly 1334 (Fla. 1st DCA June 18, 2013). We agree with the reasoning in Johnson that, in Graham, the Supreme Court created a bright-line rule, holding that a defendant who was under eighteen when his non-homicide offense was committed cannot be sentenced to life without parole.
Accordingly, we reverse the trial court’s denial of this claim for relief, and remand for re-sentencing on the non-homicide offenses. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA and EVANDER, JJ„ concur.

. At the time the defendant committed the offense, anyone convicted of a non-capital felony was not eligible for parole, but capital felons were eligible for parole. Dolan v. State, 618 So.2d 271, 272 (Fla. 2d DCA 1993).

. Florida courts have interpreted Graham to apply retroactively. See St. Val v. State, 107 So.3d 553, 554 (Fla. 4th DCA 2013); Manuel v. State, 48 So.3d 94 (Fla. 2d DCA 2010).