ROWE, J.
Dontavious Copeland appeals his conviction for first-degree murder and his sentence to life without the possibility of parole. Copeland raises three issues on appeal. We affirm on all grounds and write only to address Copeland’s argument that a juvenile convicted of first-degree murder cannot be sentenced to life without the possibility of parole pursuant to section 775.082, Florida Statutes (2012).
Copeland was convicted for the murder of Jearicka Mack, a fifteen-year-old bystander at the scene of a parking lot fight outside a club. Eyewitnesses testified at trial that Copeland was involved in the fighting, he was armed with a gun that night, and he fired the gun during the fight, immediately after which the victim was found bleeding to death in the parking lot from a gunshot wound in her chest. Copeland was seventeen years old at the time of the crime.
Copeland was convicted of first-degree murder, a capital felony. Section 775.082, Florida Statutes (2012), provides that a person who has been convicted of a capital felony shall be punished either by death or by life imprisonment without the possibility of parole. However, in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), the Supreme Court held that the Eighth Amendment to the United States' Constitution prohibits sentencing juvenile offenders to death. Seven years later, in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the Supreme Court held that mandatory life imprisonment without the *510 possibility of parole for those who were juveniles at the time of their crimes is unconstitutional as a violation of the Eighth Amendment’s prohibition against cruel and unusual punishments. Thus, under section 775.082, Florida Statutes (2012), a juvenile convicted of a capital felony may not be sentenced to death nor to a mandatory term of life without the possibility of parole.
However, although Miller prohibits the imposition of a mandatory life without parole sentence on a juvenile offender, the Supreme Court recognized that a sentencing court may still impose a life without parole sentence, after conducting an individualized mitigation inquiry. Id. at 2471-75. In Washington v. State, 103 So.3d 917, 919-20 (Fla. 1st DCA 2012), this Court held that life without the possibility of parole remains a permissible sentence for a juvenile convicted of a capital felony under section 775.082, Florida Statutes (2012), as long as the trial court examines the mitigating factors in the case:
[I]f the state ... seeks imposition of a life sentence without the possibility of parole, the trial court must conduct an individualized examination of mitigating circumstances in considering the fairness of imposing such a sentence. Under Miller, a sentence of life without the possibility of parole remains a constitutionally permissible sentencing option.
Washington, 103 So.3d at 920; see also Ortiz v. State, 119 So.3d 494 (Fla. 1st DCA 2013) (defendant had notice of life without parole sentence since Miller did not foreclose it); Hernandez v. State, 117 So.3d 778, 783-84 (Fla. 3d DCA 2013) (adopting the reasoning of Washington).[1]
In Miller, the Supreme Court discussed the mitigating factors presented by the facts of that case, including that the fourteen-year-old defendant was under the influence of drugs and alcohol, which were provided in part by his adult victim; and he had a history of family abuse and suicide attempts, but only a scant criminal record. Miller, 132 S.Ct. at 2462.
Here, the trial court considered several mitigating factors before sentencing Copeland to life without the possibility of parole: Copeland was just five months shy of his eighteenth birthday at the time of the shooting; there were no drug or family problems apparent from his trial or pre-sentence investigation; and Copeland had been convicted not only of killing an innocent bystander, but also of a separate armed robbery that occurred a week before Mack’s murder. The trial court stated that it heard “all of the potential mitigation” in the case, and found that life without the possibility of parole was an appropriate sentence for Copeland:
The court does find that while you were under 18, you were 17, near the age of majority. Your propensity for violence indeed was manifested in a previous crime, for which you were convicted. A willingness to pull a gun, shoot a gun, and endanger the public manifested absolute indifference to human life.... The court finds that there is no sufficient mitigator in your case that would warrant the court from departing from a life sentence in this case.... The court cannot give a mandatory life sentence, but the court does sentence you to life in prison.... There’s a 15-year-old child that is dead. And there really is no justification, beyond your being 17. And that is not sufficient to outweigh the justice that should be done in this case.
*511 Consistent with our holding in Washington, the sentencing court conducted an individualized mitigation inquiry, considering several potential mitigating factors before finding that life without the possibility of parole was, nevertheless, appropriate in this case. Accordingly, we AFFIRM Copeland’s judgment and sentence.
PADOVANO and OSTERHAUS, JJ., concur.

. But see Horsley v. State, 121 So.3d 1130, 1132 (Fla. 5th DCA 2013) ("the only sentence now available in Florida for a charge of capital murder committed by’ a juvenile is life with the possibility of parole after twenty-five years.”).