JAVARRIS LANE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1006

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Duval County.
Adrian G. Soud, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

On direct appeal, Javarris Lane challenges sentences imposed for offenses committed when he was sixteen. After granting a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), the trial court resentenced Mr. Lane to life in prison without the possibility of parole for second-

degree murder, to a concurrent term of thirty years' imprisonment for aggravated child abuse, and to a term of fifty years' imprisonment for sexual battery consecutive both to the thirty-year and the life terms. Although we affirm the life sentence, we reverse the sentences for the non-homicide offenses aggregating eighty years, and remand for resentencing on the aggravated child abuse and sexual battery charges.

On the authority of Copeland v. State, 129 So. 3d 508 (Fla. 1st DCA 2014), we affirm the sentence of life with no possibility of parole imposed for second-degree murder. "[A]lthough Miller [v. Alabama, 132 S.Ct. 2455 (2012),] prohibits the imposition of a mandatory life without parole sentence on a juvenile offender, the Supreme Court recognized that a sentencing court may still impose a life without parole sentence, after conducting an individualized mitigation inquiry." Id. at 510. See also Washington v. State, 103 So. 3d 917, 919-20 (Fla. 1st DCA 2012) ("[T]he Supreme Court in Miller ruled its decision 'mandates only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty.'" (citation omitted)). In the present case, as in Copeland, the "sentencing court conducted an individualized mitigation inquiry, considering several potential mitigating factors before finding that life without the possibility of parole was, nevertheless, appropriate." Copeland, 129 So. 3d at 511.

2

We reverse the consecutive sentences aggregating eighty years' imprisonment, imposed for aggravated child abuse and sexual battery. We have said that "a de facto life sentence is one that exceeds the defendant's life expectancy," Adams v. State, 37 Fla. L. Weekly D1865, D1866 (Fla. 1st DCA Aug. 8, 2012), and that such a sentence should be deemed a life sentence for purposes of Graham v. Florida, 560 U.S. 48 (2010).[1] In Floyd v. State, 87 So. 3d 45 (Fla. 1st DCA 2012), the defendant was sentenced to consecutive forty-year terms of imprisonment for two armed robbery convictions. We reversed the sentences for two non-homicide offenses aggregating eighty years, holding:

> Appellant, if he serves the entirety of his sentence, will be ninety-seven when he is released. Even if Appellant received the maximum amount of gain time, the earliest he would be released is at age eighty-five. See § 921.002(1)(e), Fla. Stat. (1998) (providing that parole is not applied to defendants sentenced under the Criminal Punishment Code, that sentences in Florida reflect the length of actual time to be served, shortened only by the application of incentive and meritorious gain time, and that defendants must serve no less than eighty-five percent of their term of imprisonment). This situation does not in any way provide Appellant with a meaningful or realistic opportunity to obtain release, as required by Graham. While the trial court was correct that the Eighth Amendment does not foreclose the possibility that

---

[1] As recognized in Floyd v. State, 87 So. 3d 45, 47 (Fla. 1st DCA 2012), other courts have rejected the argument that Graham v. Florida, 560 U.S. 48 (2010), applies to "de facto" life sentences caused by lengthy term-of-years sentences. See Peters v. State, 128 So. 3d 832, 855-56 (Fla. 4th DCA 2013); Walle v. State, 99 So. 3d 967, 971 (Fla. 2d DCA 2012); Henry v. State, 82 So. 3d 1084, 1089 (Fla. 5th DCA 2012).

juveniles who commit nonhomicide crimes will remain in prison for life, Graham also cautioned that states are foreclosed from making the judgment at the outset that those offenders will never be fit to reenter society. . . .

. . . .

In this case, common sense dictates[2] that Appellant's eighty-year sentence, which, according to the statistics cited by Appellant, is longer than his life expectancy, is the functional equivalent of a life without parole sentence and will not provide him with a meaningful or realistic opportunity to obtain release.

Id. at 46-47. Here, as in Floyd, Mr. Lane's sentences were imposed under the Criminal Punishment Code, which requires convicts to serve at least eighty-five percent of their sentences. See § 944.275(4)(b)3., Fla. Stat. (2011).[3] On the authority of Floyd, where the challenged sentences also aggregated eighty years,[4]

---

[2] Compare Adams v. State, 37 Fla. L. Weekly D1865, D1866 (Fla. 1st DCA Aug. 8, 2012), where this court reversed a sentence totaling sixty years in prison with an aggregate minimum mandatory term of fifty years for three non-homicide offenses because the sentence exceeded Adams' life expectancy "as reflected in the National Vital Statistics Reports from the federal Centers for Disease Control and Prevention cited by Appellant in his rule 3.800(b)(2) motion," but noted that the state did not dispute any of the facts asserted in the motion, including the projected life expectancy. In the present case, the state objected to the argument in Mr. Lane's second motion to correct sentencing error that the sentence exceeded his life expectancy because the referenced 2008 life-expectancy publication was not placed into evidence during the sentencing hearing.

[3] The Florida Legislature amended the procedures regarding imposing and reviewing sentences for juvenile offenders, effective July 1, 2014. See §§ 775.082; 921.1401; 921.1402, Fla. Stat. (2014).

[4] As in Floyd, the terms of years appellant received are consecutive, not concurrent. No party suggests that the present case is distinguishable from prior decisions because the thirty-year sentence for aggravated child abuse is concurrent with the life sentence, while the fifty-year sentence for sexual battery is consecutive to the life sentence.

4

we reverse and remand for resentencing as to the two non-homicide convictions. But see Gridine v. State, 89 So. 3d 909, 910-11 (Fla. 1st DCA 2011), review granted, 103 So. 3d 139 (Fla. 2012) (affirming a seventy-year sentence with a twenty-five-year minimum mandatory for a fourteen-year-old defendant).

The state acknowledges that, under our precedent, life imprisonment without the possibility of parole for murder does not render Graham inapplicable to the sentences imposed for these two non-homicide offenses. See Johnson v. State, 38 Fla. L. Weekly D953, D953-54 (Fla. 1st DCA Apr. 30, 2013) (certifying conflict with Lawton v. State, 109 So. 3d 825, 829 (Fla. 3d DCA 2013), review granted, 143 So. 3d 919 (Fla. 2014), in which the Third District Court of Appeal affirmed a sentence of life in prison for attempted first-degree murder with a firearm, ordered to run consecutively with a sentence of life in prison (without parole eligibility for twenty-five years) for first-degree murder); Akins v. State, 104 So. 3d 1173, 1175-76 (Fla. 1st DCA 2012) (holding Graham precluded a life sentence without the possibility of parole for attempted murder because nothing in Graham "would permit imposing life sentences without parole for nonhomicide offenses, even if the juvenile has committed a homicide in some earlier episode or, as here, was earlier sentenced to a term of years for a homicide"). See also Jackson v. State, 38 Fla. L. Weekly D1334, D1334-35 (Fla. 1st DCA June 18, 2013) (rejecting

argument that <u>Graham</u> "recognized a limited exception when the offender has also been convicted and sentenced for a homicide in the same proceeding, as did in fact occur in the present case" and reversing multiple life sentences imposed for non-homicide crimes pursuant to <u>Graham</u>); <u>Weiand v. State</u>, 129 So. 3d 434, 435 (Fla. 5th DCA 2013) (reversing concurrent terms of life in prison for kidnapping and robbery convictions, to begin after a sentence of life in prison for a homicide conviction).[5] <u>But see</u> <u>Orange v. State</u>, 2014 WL 4328151, at *10 (Fla. 4th DCA Sept. 3, 2014) (holding <u>Graham</u> allows the imposition of a life sentence without parole on a juvenile for a non-homicide offense when a homicide offense also occurred in the same criminal episode); <u>Starks v. State</u>, 128 So. 3d 91, 92 (Fla. 2d DCA 2013) (same); <u>Lawton</u>, 109 So. 3d at 828-29 (same). Here, as in <u>Johnson</u>, we reverse for resentencing on the non-homicide offenses even though "he will serve the remainder of his life in prison for the homicide offense he committed" against the same victim. <u>Johnson</u>, 38 Fla. L. Weekly at D954 (reversing for Johnson to be resentenced on a conviction of burglary with an assault).

Affirmed in part, reversed in part, and remanded for resentencing.

LEWIS, C.J. and MARSTILLER, J., CONCUR.

---

[5] The fact that the sentence of life in prison with the possibility of parole after twenty-five years imposed for the homicide conviction in <u>Weiand v. State</u>, 129 So. 3d 434 (Fla. 5th DCA 2013), was less severe than the sentences of life in prison for kidnapping and robbery convictions does not alter the analysis.