# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5621

_____

DONTAVIOUS LAMAR COPELAND,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

February 9, 2018

OSTERHAUS, J.

Dontavious Lamar Copeland appeals the life sentence imposed for first-degree murder after the Florida Supreme Court reversed and remanded his case for resentencing under *Horsley v. State*, 160 So. 3d 393 (Fla. 2015). The State also cross-appeals, arguing that the sentence unlawfully provided for judicial review after 25 years. We reverse and remand for resentencing because the sentence is unlawful.

## I.

Mr. Copeland was seventeen years old when he killed Jearicka Mack, a fifteen-year-old bystander at the scene of a parking lot fight outside a club. *See Copeland v. State*, 129 So. 3d 508, 509 (Fla. 1st DCA 2014). Following a guilty verdict on a first

degree murder charge, the trial court sentenced Mr. Copeland to life in prison without the possibility of parole. *Id.* at 510. This court affirmed. *Id.* at 511. However, in the wake of a new juvenile sentencing law being enacted, the Florida Supreme Court quashed our decision and remanded for "resentencing in conformance with the framework established in chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes." *Copeland v. State,* 177 So. 3d 1264 (Fla. 2015).

At the re-sentencing hearing, the State and Mr. Copeland presented evidence to the trial court and arguments on the factors set forth in § 921.1401(2). After weighing the factors, the court determined that Mr. Copeland's crime and situation were consistent with the uncommon circumstance where life imprisonment constitutes an appropriate sentence. It sentenced him to life in prison. Over the State's objection, the trial court additionally imposed judicial review of Mr. Copeland's sentence after 25 years. *See* § 921.1402(2)(a), Fla. Stat.

After sentencing, Mr. Copeland filed two motions to correct sentencing errors. The first motion argued that a jury verdict was needed on the sentencing factors in order to authorize his sentence under § 921.1401. The trial court denied this motion. The second motion involved the sentence's provision for a judicial review hearing after 25 years. Mr. Copeland argued that the trial court made a scrivener's error by stating that Mr. Copeland was "entitled to" a review hearing, instead of saying that he was "eligible for" a review hearing. At a subsequent hearing, the State argued that Mr. Copeland was neither "entitled to," nor "eligible for" a 25-year review hearing, and that it had already cross-appealed the issue. The trial court denied the motion.

As it now stands, Mr. Copeland appeals the life sentence and the State cross-appeals the trial court's decision to grant a 25-year review hearing to Mr. Copeland.

II.

A.

Mr. Copeland argues that that his rights to a jury trial were violated at resentencing because the trial court considered the § 921.1401(2) sentencing factors, instead of a jury. Although the terms of this law provide that "*the court* shall consider factors relevant to the offense and the defendant's youth and attendant circumstances," Mr. Copeland argues that the Sixth Amendment to the United States Constitution, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), and article I, section 22 of the Florida Constitution, require a jury to consider these sentencing factors before a life-sentence is imposed. We disagree with his argument for the reasons set forth in *Beckman v. State*, 230 So. 3d 77, 94-97 (Fla. 3d DCA 2017). *See also Horsley*, 160 So. 3d at 409 ("We conclude that applying chapter 2014-220, Laws of Florida to offenders like Horsley is the only way to comply with the commandment of the United States Supreme Court and to effectuate the intent of our Legislature."); *Miller v. Alabama*, 567 U.S. 460, 489 (2012) (noting that "*Graham, Roper*, and our individualized sentencing decisions make clear that *a judge or jury* must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles") (emphasis added).

B.

We agree with the parties, however, regarding error associated with the trial court's imposition of a 25-year judicial review. Section 921.1402(2)(a) entitles a juvenile convicted of first-degree murder to a review of his or her sentence after 25 years, unless "he or she has previously been convicted of [certain separate] offenses," which includes armed robbery. Here, the court recognized that Mr. Copeland was convicted of an earlier armed robbery. For this reason, Mr. Copeland was "not entitled to" or "eligible for" a review of his sentence after 25 years. § 921.1402(2)(a), Fla. Stat.; Fla. R. Crim. P. 3.781(c)(2) (providing that a defendant convicted of a § 775.082(1)(b)1. offense "shall not be eligible for" a sentence review hearing if previously convicted of an offense found in § 921.1402(2)(a)). Because the sentence imposed by the trial court unlawfully included a 25-year sentence

review, we must reverse and remand for resentencing. This result additionally resolves Mr. Copeland's contention that the trial court impermissibly factored in a 25-year sentence review in deciding to impose a life sentence. Upon remand, the trial court will have the opportunity to resentence Mr. Copeland without including judicial review of his sentence 25 years from now.

Finally, we reject Mr. Copeland's argument that § 921.1402(2)(a)'s prohibition on 25-year sentence reviews for juveniles with certain prior-felony convictions is unconstitutional. Without reaching the merits of his Equal Protection and Eighth Amendment arguments, we recognize that the Florida Supreme Court issued explicit instructions to the trial court that it resentence Mr. Copeland "in conformance with the framework established in chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes." *Copeland*, 177 So. 3d at 1264. These remand instructions necessarily include applying § 921.1402(2)(a)'s express prohibition on 25-year reviews for prior offenders. If Mr. Copeland had a constitutional problem with being resentenced under this framework with its sentence-review prohibition, he should have argued that point to the Florida Supreme Court before it remanded his case. Now, on remand, it is hardly this court's or the trial court's place to depart from the sentencing framework explicitly ordered by the Florida Supreme Court, or to declare its remand order unconstitutional. *See Blackhawk Heating & Plumbing Co. Inc., v. Data Lease Fin. Corp.*, 328 So. 2d 825, 827 (Fla. 1975) (noting that trial courts lack authority to deviate from an appellate court's mandate); *Ketcher v. Ketcher*, 198 So. 3d 1061, 1063 (Fla. 1st DCA 2016) ("Where, as here, the final judgment is reversed and remanded with specific instructions, the lower court has authority to conduct further proceedings . . . but the court cannot exceed the specific bounds of that instruction.").

## III.

For the foregoing reasons, we vacate Mr. Copeland's sentence and remand for resentencing.

REVERSED and REMANDED.

LEWIS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.