PER CURIAM.
 

 The appellant has filed a rule 3.800(a) motion asserting that his 40-year sentence for attempted robbery with a firearm is illegal. Because it appears that the appellant’s sentence exceeds the statutory maximum, the appellant is entitled to be resen-tenced.
 

 Attempted armed robbery is a second-degree felony punishable by up to 15 years’ imprisonment. §§ 812.13(2)(a), 777.04(4)(e), 775.082(3)(c), Fla. Stat. (2006);
 
 Washington v. State,
 
 11 So.3d 998 (Fla. 1st DCA 2009). If the lowest permissible sentence on the Criminal Punishment Code scoresheet exceeds the statutory maximum sentence, the sentence required by the Code must be imposed.
 
 See
 
 Fla. R.Crim. P. 3.704(d)(25); § 921.0024(2), Fla. Stat. (2006);
 
 Butler v. State,
 
 838 So.2d 554, 555-56 (Fla.2003). In the instant case, the appellant’s lowest permissible sentence on the scoresheet was 16.375 years’ imprisonment, and the 40-year sentence imposed clearly exceeds both the 15-year statutory maximum and the lowest permissible sentence.
 

 Accordingly, we reverse and remand for resentencing. We affirm without further discussion the appellant’s remaining claims.
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 HAWKES, C.J., BENTON and LEWIS, JJ., concur.