PER CURIAM.
The appellant filed a rule 3.800(a) motion raising two claims. We affirm the first claim without discussion. However, because his second claim appears to have merit, we reverse.
In his second claim, the appellant argues that his 30-year sentence for attempted second-degree murder is illegal because attempted second-degree murder is a second-degree felony punishable by a maximum of 15 years. Attempted second-degree murder is indeed a second-degree felony punishable by up to 15 years’ imprisonment. See §§ 775.084(2); 777.04(4)(c); 775.082(3)(c), Fla. Stat. (2006); McFarland v. State, 794 So.2d 763 (Fla. 1st DCA 2001). However, the record indicates that the lowest permissible sentence on the appellant’s criminal punishment code scoresheet is 337.8 months, or 28.15 years’ imprisonment. When the lowest permissible sentence on a scoresheet exceeds the statutory maximum, it is the lowest permissible sentence that must be imposed. See Ricks v. State, 36 So.3d 810 (Fla. 1st DCA 2010). The 30-year sentence thus exceeds both the statutory maximum sentence and the lowest permissible sentence on his scoresheet and therefore constitutes an illegal sentence. Although it appears from the record that the appellant agreed in a negotiated plea agreement to the 30-year sentence for the attempted second-degree murder conviction, a defendant cannot plead to an illegal sentence. See Taylor v. State, 899 So.2d 1191 (Fla. 1st DCA 2005).
We accordingly reverse and remand for the trial court to either attach the portion of the record that conclusively refutes the appellant’s claim that his 30-year sentence for attempted second-degree murder is illegal, to resentence the appellant to a legal sentence, or to allow the state to withdraw from the plea agreement. See Bruno v. State, 837 So.2d 521, 523 (Fla. 1st DCA 2003) (stating that “ ‘[w]hen a sentence is illegal, and such a sentence was the product [as here] of a negotiated plea agreement, the state has the option of either agreeing to the appellant’s resentencing, or withdrawing from the plea agreement and proceeding to trial on the original charges.”) (citing Williams v. State, 650 So.2d 1054, 1055 (Fla. 1st DCA 1995)).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WOLF, ROWE, and SWANSON, JJ., concur.