BENTON, C.J.
Aundra R. Akins argues that his life sentence without the possibility of parole for attempted murder is unconstitutional under Graham v. Florida, — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d- 825 (2010), which held that juvenile offenders may not be sentenced to life without the possibility of parole for a nonhomicide crime. Id. at 2030. Because appellant was 14 when he *1174 attempted first-degree murder, appellant’s life sentence with no possibility of parole for the attempt is illegal under Graham. Accordingly, we reverse and remand for resentencing.
In 1993, an indictment charged appellant with first-degree murder (count 1), attempted first-degree felony murder (count 2), two counts of attempted robbery with a firearm (counts 3 and 4), and shooting into an occupied vehicle (count 5). Under a plea agreement in 1995, he pleaded guilty to the lesser-included offense of second-degree murder on count 1, and guilty as charged to count 2, in exchange for a sentence cap of 40 years’ imprisonment on each count, and dismissal (nolle prosequi) of counts 3, 4 and 5. After his plea, but before sentencing, our supreme court decided State v. Gray, 654 So.2d 552 (Fla. 1995), which held that the crime of attempted felony murder did not exist. When Gray came down, the parties stipulated to the substitution of attempted first-degree premeditated murder for attempted first-degree felony murder on count 2. Appellant was then convicted and sentenced on counts 1 and 2 to concurrent terms of 27 years in prison.
On direct appeal, the conviction and sentence on count 1 (second-degree murder) were affirmed but appellant’s conviction and sentence on count 2 (attempted first-degree premeditated murder) were vacated, on grounds that the indictment charging the non-existent crime of attempted felony murder could not be amended by stipulation to charge attempted premeditated murder. See Akins v. State, 691 So.2d 587, 589 (Fla. 1st DCA 1997). On remand, the state filed an information charging appellant with attempted first-degree murder. On August 29, 1997, following his jury trial on remand, the appellant was convicted as charged, and sentenced to a term of natural life, with no possibility of parole.
Later appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, relying on Graham as a basis for filing beyond the two-year limitations period, as well as for relief on the merits. The lower court reached the merits but denied the appellant’s motion, holding that Graham does not prohibit a sentence of life imprisonment for a juvenile convicted of a nonhomicide offense if the juvenile has also committed a homicide offense. We reject this view and hold that Graham precludes a life sentence[1] in the present case.
In stating early on in the opinion that “[t]he issue before the Court is whether the Constitution permits a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime,” id. at 2017-18, the Graham Court clearly identified the question it was deciding. The Court concluded that “those who were below [18] when the offense was committed may not be sentenced to life without parole for a nonhomicide crime.” Id. at 2030. Appellant falls squarely within the purview of the rule of Graham in that he was sentenced to a term of life without parole for the nonhomicide crime of attempted first-degree murder committed when he was under the age of 18. See McCullum *1175 v. State, 60 So.3d 502, 503-04 (Fla. 1st DCA 2011) (finding that attempted second-degree murder is a nonhomicide offense under Graham), review denied, 67 So.3d 1050 (Fla.2011); Manuel v. State, 48 So.3d 94, 97 (Fla. 2d DCA 2010) (holding that attempted first-degree murder is not a homicide offense under Graham). But see Twyman v. State, 26 A.3d 215 (Del. July 25, 2011) (Table). Although appellant also committed a homicide, he was sentenced for the homicide, not to life without parole, but to twenty-seven years in prison.
The life sentence appellant received was solely for the attempt, a nonhomicide offense. Cf. Washington v. State, — So.3d-(Fla. 2d DCA 2012) (sentences reversed and case remanded for resentenc-ing where a juvenile offender received life sentences for both homicide and nonhomi-cide offenses).[2] Since parole is not a possibility, appellant’s sentence runs afoul of the rule laid down in Graham. The Court does say that “[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” Graham, 130 S.Ct. at 2034. But we do not take this as a renunciation of the rule stated elsewhere in Graham that juveniles may not constitutionally be punished for nonhomicide crimes by life imprisonment with no possibility of parole. We see nothing in Graham that would permit imposing life sentences without parole for nonhomicide offenses, even *1176 if the juvenile has committed a homicide in some earlier episode or, as here, was earlier sentenced to a term of years for a homicide.
Reversed and remanded.
LEWIS, J., Concurs; ROWE, J., Dissents with Opinion.

. Appellant has not argued that his life sentence is unlawful merely because it exceeds his original twenty-seven-year sentence or merely because it exceeds the forty-year cap originally negotiated. See generally Lafler v. Cooper, - U.S. -, -, -, 132 S.Ct. 1376, 1384, 1389, 182 L.Ed.2d 398 (2012). On the other hand, appellant has not had counsel since the direct appeal concluded. See Missouri v. Frye, — U.S.-,-, 132 S.Ct 1399, 1413, 182 L.Ed.2d 379 (2012) (holding the Sixth Amendment right to effective assistance of counsel extends to advice concerning plea offers that lapse or are rejected).

. In Washington v. State,-So.3d-(Fla. 2d DCA 2012), the court declined to rule out a life sentence for a nonhomicide offense imposed simultaneously with a life sentence for an accompanying homicide, saying of Graham:
We are not required to reverse these sentences under the Supreme Court’s holding in Graham v. Florida, - U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Employing a categorical approach, the Supreme Court in Graham held that life without possibility of parole was a cruel and unusual punishment for all juvenile offenders who commit nonhomicide offenses. Graham, 130 S.Ct. at 2030. In so holding, it noted an exception for juveniles who commit nonhomicide offenses in conjunction with homicide offenses. See id. at 2023. Because the homicide offense can be an aggravating factor in the sentencing of the nonhomicide offense, the Supreme Court indicated that a life sentence without possibility of parole for a nonhomicide offense could be constitutional if it accompanied an authorized sentence of life without possibility of parole for a homicide offense. See id.
Id. at-(footnote omitted). In arriving at this conclusion, the Second District explicitly relied on the following passage from Graham:
Juvenile offenders who committed both homicide and nonhomicide crimes present a different situation for a sentencing judge than juvenile offenders who committed no homicide. It is difficult to say that a defendant who receives a life sentence on a non-homicide offense but who was at the same time convicted of homicide is not in some sense being punished in part for the homicide when the judge makes the sentencing determination. The instant case concerns only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.
Graham, 130 S.Ct. at 2023. The Second District described the language it quoted from Graham in the Washington decision as dicta. See Washington v. State,-So.3d at-n. 1.
We agree that the language from Graham quoted in Washington is not controlling. This language has no application here. As we read, Graham, the Supreme Court mentions this "different situation” for the limited purpose of rebutting Florida’s contention in Graham that a nationwide study supporting the notion that juvenile offenders serving life without parole are rare was flawed because it failed to count juvenile offenders who, convicted of both homicide and nonhomicide offenses, received life sentences for the nonho-micide offenses as well as for the homicides. Id. at 2023. Read in context, the passage from Graham the Second District quotes explains the adoption of, but does not purport to qualify, what the Graham opinion itself calls a categorical rule.