PER CURIAM.
This cause is before us on the appellant’s Motion for Rehearing, Rehearing En Bane, Request for Written Opinion, and Motion to Certify an Issue to the Florida Supreme Court. We deny the Motion for Rehearing En Banc and the Motion to Certify an Issue to the Florida Supreme Court, but grant the Motion for Rehearing and Request for Written Opinion, withdraw our previously issued opinion dated April 2, 2013, and substitute the following in its place.
The appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 challenging life sentences without the possibility of parole imposed upon him for non-homicide crimes committed when he was a juvenile. In Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the Supreme Court held that the constitutional prohibition on cruel and unusual punishment prevents a juvenile offender from being sentenced to life imprisonment without the possibility of parole for a non-homicide offense. The state argues that Graham recognized a limited exception when the offender has also been convicted and sentenced for a homicide in the same proceeding, as did in fact occur in the present case. However, this Court has unequivocally rejected that interpretation of Graham. See Johnson v. State, — So.3d -, 38 Fla. L. Weekly D953, 2013 WL 1809685 (Fla. 1st DCA 2013) (certifying conflict with Lawton v. State, 109 So.3d 825 (Fla. 3d DCA 2013)); see also Akins v. State, 104 So.3d 1173 (Fla. 1st DCA 2012).
We accordingly reverse the trial court’s order summarily denying relief. We note, however, that the record indicates that the appellant’s sentences may have been the result of a negotiated plea. If such is the case, the appellant would not be entitled to automatic resentencing. Rather, the state, at its option, can agree to the resentencing *854 or it can withdraw from the plea, placing the parties back into their pre-plea positions. See e.g., Smith v. State, 93 So.3d 387 (Fla. 1st DCA 2012).
REVERSED and REMANDED for further proceedings.
CLARK, MARSTILLER, JJ„ and BOLES, W. JOEL, Associate Judge, concur.