WALLACE, Judge.
Maurice D. Starks appeals the order denying his motion filed under Florida Rule of Criminal Procedure 3.800(a). We affirm because neither Miller v. Alabama, -U.S.-,-, 132 S.Ct. 2455, 2475, 183 L.Ed.2d 407 (2012), nor Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010), applies to Starks’ life sentences for his homicide and his nonhomicide convictions, respectively. Consequently, his sentences are not illegal.
After a jury trial, Starks was convicted on November 8, 2002, of the lesser-included offense of second-degree murder with a firearm of James Kehoe in violation of *92 section 782.04(2), Florida Statutes (2000), and the charged offense of armed burglary with assault or battery of Kehoe in violation of section 810.02(2)(b), Florida Statutes (2000). The offenses were committed on December 27, 2000, when Starks was seventeen years of age. After ordering a presentence investigation report (PSI), the trial court sentenced Starks to life imprisonment on both counts.[1]
In his motion to correct illegal sentence, Starks argued that because he was seventeen at the time of the offenses, his sentence of life for the second-degree murder is illegal under Miller, 132 S.Ct. at 2475 (holding that the Eighth Amendment prohibits mandatory life without the possibility of parole for a juvenile who commits homicide; “a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles”), and his sentence of life for the burglary was illegal under Graham, 130 S.Ct. at 2030 (holding that the Eighth Amendment forbids life without the possibility of parole for a juvenile who commits a nonhomicide offense). We write to explain why the postconviction court correctly denied Starks’ motion.

Starks’ Sentence For Murder

In Miller, 132 S.Ct. at 2471 n. 10, the United States Supreme Court “consider[ed] the constitutionality of mandatory sentencing schemes — which by definition remove a judge’s or jury’s discretion”— and held that mandatory sentences of life without the possibility of parole for juveniles violate the Eighth Amendment’s prohibition against cruel and unusual punishment. Id. at 2469. Starks’ argument that his sentence is illegal under Miller assumes that Miller applies retroactively.
However, we need not decide that issue because Miller does not apply to Starks’ sentence. The record reveals that Starks’ conviction of second-degree murder was enhanced to a life felony under section 775.087, Florida Statutes (2000), because of his use of a firearm. Section 775.082(3)(a)(3) provides that a life felony is to be punished “by a term of imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment.” Thus, because the statute under which Starks was sentenced did not mandate a life sentence but provided the trial court with a choice of a life sentence or a sentence of a term of years, Starks was not sentenced under a sentencing scheme condemned in Miller.[2]

Starks’ Sentence For Burglary

Starks’ life sentence for the burglary is not illegal under Graham because the burglary was committed during the same criminal episode as the murder, and the Graham Court, in dicta, “noted an exception for juveniles who commit nonhomicide offenses in conjunction with homicide offenses.” Washington v. State, 110 So.3d 1, 2-3 (Fla. 2d DCA 2012); accord Lawton v. State, 109 So.3d 825, 828 (Fla. 3d DCA 2013). Contra Johnson v. State,-So.3d -,-, 38 Fla. L. Weekly D953, D954, 2013 WL 1809685 (Fla. 1st DCA Apr.30, 2013) (certifying conflict with Lawton on the issue of whether Graham applies to juveniles convicted of a homicide and a nonhomicide offense arising out of a single criminal episode).
In the course of its opinion in Graham, the Supreme Court relied on the Annino study to find that there is a consensus *93 against mandatory life sentences for juveniles who commit nonhomicide offenses. See Graham, 130 S.Ct. at 2023 (citing P. Annino, D. Rasmussen, & C. Rice, Juvenile Life without Parole for Non-Homicide Offenses: Florida Compared to Nation 2 (Sept. 14, 2009)). In doing so, it responded to the State’s argument that the study was not accurate because it did not include juveniles who were convicted of both a homicide and a nonhomicide offense, even when they received a life sentence for a nonhomieide. The Court found this distinction unpersuasive:
Juvenile offenders who committed both homicide and nonhomicide crimes present a different situation for a sentencing judge than juvenile offenders who committed no homicide. It is difficult to say that a defendant who receives a life sentence on a nonhomicide offense but who was at the same time convicted of homicide is not in some sense being punished in part for the homicide when the judge makes the sentencing determination. The instant case concerns only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.
Id. at 2023.
Having committed a homicide and a non-homicide offense during a single criminal episode, Starks squarely falls under this exception; therefore, his life sentence for the burglary is not illegal.
Affirmed.
MORRIS and BLACK, JJ., Concur.

. A life sentence imposed under the Criminal Punishment Code in Florida does not carry with it the possibility of parole. § 921.002(l)(e), Fla. Stat. (2000).

. The court's consideration of a presentence investigation report before imposing sentence indicates that it factored Starks' youth into its decision to sentence him to life.