# Supreme Court of Florida

_____

No. SC13-685
_____

**TORRENCE LAWTON**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[April 9, 2015]

PER CURIAM.

In Graham v. Florida, 560 U.S. 48, 74-75 (2010), the United States Supreme Court held that the Eighth Amendment's prohibition on cruel and unusual punishment compels a categorical rule against sentencing a juvenile offender "to life without parole for a nonhomicide crime." In the decision on review, the Third District read Graham as creating a homicide-case exception to this categorical rule, which would permit a juvenile to be sentenced to life without parole for a nonhomicide offense if the juvenile also committed a homicide in the same criminal episode. Lawton v. State, 109 So. 3d 825, 828-29 (Fla. 3d DCA 2013). Applying this homicide-case exception, the Third District held that Torrence

Lawton's life-without-parole sentences for the nonhomicide offenses of attempted first-degree murder with a firearm and armed robbery with a firearm—crimes Lawton committed as a juvenile—are constitutional under Graham because Lawton also committed a homicide in the same criminal episode. Id. at 829.

Lawton seeks review of the Third District's decision on the ground that it expressly and directly conflicts with multiple decisions of other district courts of appeal.[1] Compare Akins v. State, 104 So. 3d 1173, 1175 n.2 (Fla. 1st DCA 2012) (declining to recognize a homicide-case exception to Graham); Johnson v. State, 38 Fla. L. Weekly D953 (Fla. 1st DCA Apr. 30, 2013) (same); Jackson v. State, 38 Fla. L. Weekly D1334 (Fla. 1st DCA June 18, 2013) (same); Lane v. State, 151 So. 3d 20, 22 (Fla. 1st DCA 2014) (same); Weiand v. State, 129 So. 3d 434, 435 (Fla. 5th DCA 2013) (same); with Lawton, 109 So. 3d at 828 (recognizing a homicide-case exception to Graham); Washington v. State, 110 So. 3d 1, 2-3 (Fla. 2d DCA 2012) (same); Starks v. State, 128 So. 3d 91, 93 (Fla. 2d DCA 2013) (same); Orange v. State, 149 So. 3d 74, 84 (Fla. 4th DCA 2014) (same).

---

1. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We limit our review of the Third District's decision to its treatment of Lawton's life-without-parole sentences for the nonhomicide crimes Lawton committed in the same criminal episode as the homicide, and we note that this case does not involve a challenge to Lawton's homicide sentence.

We hold that Graham's categorical rule leaves no room for the homicide-case exception recognized by our Second, Third, and Fourth District Courts of Appeal. Subsequent juvenile sentencing decisions underscore that the ban on sentencing juveniles to life without parole for nonhomicide offenses is, indeed, unqualified. See Miller v. Alabama, 132 S. Ct. 2455, 2466 n.6 (2012) ("Graham established one rule (a flat ban) for nonhomicide offenses, while [Miller] set[s] out a different one (individualized sentencing) for homicide offenses."); see also Falcon v. State, No. SC13-865, slip op. at 10 (Fla. Mar. 19, 2015) ("[In Graham,] the Supreme Court established a categorical rule that bars the imposition of a sentence of life imprisonment without the possibility of parole in all circumstances for every juvenile offender convicted of a nonhomicide offense.") (emphasis added).

Accordingly, we quash the Third District's decision in Lawton and remand with instructions that Lawton be resentenced for the nonhomicide offenses of attempted first-degree murder with a firearm and armed robbery with a firearm in conformance with the new juvenile sentencing legislation enacted by chapter 2014-220, Laws of Florida. See Henry v. State, No. SC12-578, slip op. at 11 (Fla. Mar. 19, 2015) (holding that resentencing pursuant to chapter 2014-220 is the proper remedy for a sentence that violates Graham); Horsley v. State, No. SC13-1938, slip op. at 4 (Fla. Mar. 19, 2015) (holding that resentencing pursuant to chapter 2014-

220 is the proper remedy for a sentence that violates <u>Miller</u>). We further disapprove the Second District's decisions in <u>Washington</u> and <u>Starks</u> and the Fourth District's decision in <u>Orange</u> to the extent those decisions recognize a homicide-case exception to <u>Graham</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Third District - Case No. 3D11-2505

(Miami-Dade County)

Carlos Jesus Martinez, Public Defender, and Andrew McBride Stanton, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Richard L. Polin, Bureau Chief, and Nikole Hiciano, Assistant Attorney General, Miami, Florida,

for Respondent