NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAISHA L. LANDRUM,                      )
                                        )
                Appellant,              )
                                        )
v.                                      )          Case No. 2D14-2842
                                        )
STATE OF FLORIDA,                       )
                                        )
                Appellee.               )
_____)

Opinion filed May 20, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; William Fuente,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defendant, Bartow, for Appellee.


WALLACE, Judge.

        Laisha L. Landrum timely appeals the order summarily denying her motion

filed under Florida Rule of Criminal Procedure 3.800(a).  We affirm, but we write to

discuss an apparent sentencing incongruity that now exists in this district.

        In 2005, a jury found Ms. Landrum guilty of second-degree murder with a

weapon, a life felony, §§ 775.087(1)(a), 782.04(2), Fla. Stat. (2004), and tampering with

physical evidence, and the trial court sentenced her to life in prison for the murder

charge and five years' imprisonment for the tampering charge.[1]  After an unsuccessful appeal, Ms. Landrum, who was a juvenile at the time of the offenses, filed a rule 3.800(a) motion arguing that her sentence of life without the possibility of parole[2] for second-degree murder violated the holding in Miller v. Alabama, 132 S. Ct. 2455 (2012), that a mandatory life sentence without the possibility of parole for a juvenile who commits a homicide is unconstitutional.  The postconviction court found that Miller did not apply retroactively and denied Landrum's motion.  On appeal, this court reversed based on the then-recent decision in Toye v. State, 133 So. 3d 540 (Fla. 2d DCA 2014), that Miller does apply retroactively and remanded for further proceedings.[3]

On remand, the State filed a motion to strike Ms. Landrum's resentencing hearing.  The State urged the postconviction court to deny her rule 3.800 motion, arguing that this court's opinion did not require resentencing and that Ms. Landrum was not sentenced to the mandatory life term condemned in Miller.  The postconviction court granted the State's motion, relying on this court's opinion in Starks v. State, 128 So. 3d 91 (Fla. 2d DCA 2013),[4] as well as Mason v. State, 134 So. 3d 499 (Fla. 4th DCA 2014), review dismissed, No. SC14-1839, 2014 WL 7177470 (Fla. Dec. 16, 2014),

---

[1]Ms. Landrum's sentence of life in prison was imposed on February 20, 2006.

[2]For persons convicted on or after October 1, 1983, there is no parole from a life sentence in Florida.  See § 921.001(10), Fla. Stat. (2004); Lewis v. State, 625 So. 2d 102, 103 (Fla. 1st DCA 1993).

[3]Since this court decided Toye, the Florida Supreme Court has held that Miller must be given retroactive effect.  Falcon v. State, 40 Fla. L. Weekly S151 (Fla. Mar. 19, 2015).

[4]Starks was recently disapproved on other grounds in Lawton v. State, 40 Fla. L. Weekly S195 (Fla. Apr. 9, 2015).

which relied on Starks.  Starks, like Landrum, was convicted of second-degree murder with a weapon, a life felony punishable by life or a term of years not exceeding life.  See §§ 775.082(3), 775.087(1)(a), 782.04(2), Fla. Stat. (2004).  Because a life sentence was not mandatory, this court held that a juvenile's life sentence without the possibility of parole for second-degree murder with a firearm is not unconstitutional under Miller.  128 So. 3d at 92.  On the authority of Starks, Ms. Landrum's sentence, like Starks', is not unconstitutional, and we affirm the postconviction court's order denying her rule 3.800(a) motion.

Since Starks issued, the legislature enacted chapter 2014-220, Laws of Florida, and the Florida Supreme Court decided Horsley v. State, 40 Fla. L. Weekly S155 (Fla. Mar. 19, 2015).  The portions of the legislation pertinent here are sections 1, 2, and 3, which have been codified as an amendment and as new statutes at sections 775.082, 921.1401, and 921.1402 of the Florida Statutes.  "Section one provides the new statutory penalties for juvenile offenders; section two sets forth the procedures for the mandatory individualized sentencing hearing that is now required before sentencing a juvenile to life imprisonment; and section three relates to subsequent judicial review of a juvenile offender's sentence."  Horsley, 40 Fla. L. Weekly at S158.  The effective date of the new legislation is July 1, 2014.  Ch. 2014-220, § 8, at 2877, Laws of Fla.  In Horsley, the Florida Supreme Court held that the appropriate remedy for juvenile offenders whose sentences violate the Eighth Amendment based on Miller is to apply the provisions of chapter 2014-220 to such juvenile offenders without regard to the date that the offenses were committed.  40 Fla. L. Weekly at S160.

The concurrence of the Florida Supreme Court's holding in Horsley with our holding in Starks has created an apparent sentencing anomaly in this district—a juvenile convicted of first-degree murder enjoys the right to eventual review of his or her sentence without regard to the date of his or her offense while a juvenile convicted of second-degree murder and sentenced to life before the effective date of the new legislation does not. This circumstance also raises the question whether those juveniles convicted of second-degree murder and sentenced to life imprisonment before July 1, 2014, are entitled to the individualized sentencing hearing called for in Miller.[5]

Miller, who was fourteen years of age at the time he committed murder, was sentenced to a mandatory life sentence without the possibility of parole. The Supreme Court found that its holdings in Roper v. Simmons, 543 U.S. 551 (2005)—that the Eighth Amendment bars the death penalty for all juvenile offenders under the age of eighteen—and Graham v. Florida, 560 U.S. 48 (2010)—that the Eighth Amendment bars a sentence of life without the possibility of parole for juveniles convicted of nonhomicide offenses—led to the conclusion that the Eighth Amendment bars a mandatory sentence of life without parole for juveniles convicted of homicide. While the Court did not foreclose a sentencing court's ability to impose a life-without-parole sentence on a juvenile, it required that before doing so, the court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Miller, 132 S. Ct. at 2469. This is because the characteristics of youth, "transient rashness, proclivity for risk, and inability

---

[5]In Daugherty v. State, 96 So. 3d 1076 (Fla. 4th DCA 2012), review granted, No. SC14-860, 2014 WL 7251739 (Fla. Dec. 17, 2014), the Fourth District reversed a juvenile's life sentence for second-degree murder and remanded for an individualized sentencing hearing in accordance with Miller.

to assess consequences—both lessen[ ] a child's 'moral culpability' and enhance[ ] the prospect that, as the years go by and neurological development occurs, his 'deficiencies will be reformed.' " Id. at 2465 (quoting Graham, 560 U.S. at 68). The Court anticipated that its decision to require "individualized sentencing," id. at 2466 n.6, would render the imposition of "this harshest possible penalty [on juveniles]" uncommon, id. at 2469.

"[T]his harshest possible penalty" has been imposed on Ms. Landrum even though she was not convicted of the highest possible degree of murder. This circumstance raises the question whether the logic of the Horsley court's application of the procedures outlined in chapter 2014-220 to address the Eighth Amendment violation identified in Miller requires the application of that same remedy to persons such as Ms. Landrum, who have been found guilty of second-degree murder and sentenced to life in prison without the possibility of parole before the effective date of the new legislation. On the authority of our decision in Starks, we are compelled to answer this question in the negative. However, we certify the following question to the Florida Supreme Court as one of great public importance:

> BECAUSE THERE IS NO PAROLE FROM A LIFE SENTENCE IN FLORIDA, DOES MILLER V. ALABAMA, 132 S.Ct. 2455 (2012), REQUIRE THE APPLICATION OF THE PROCEDURES OUTLINED IN SECTIONS 775.082, 921.1401, and 921.1402, FLORIDA STATUTES (2014), TO JUVENILES CONVICTED OF SECOND-DEGREE MURDER AND SENTENCED TO A NON-MANDATORY SENTENCE OF LIFE IN PRISON BEFORE THE EFFECTIVE DATE OF CHAPTER 2014-220, LAWS OF FLORIDA?

> Affirmed; question certified.

CASANUEVA and BLACK, JJ., Concur.