NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

REGINALD KENDRICK,                    )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D14-2913
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed July 29, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Bruce Kyle, Judge.

LaROSE, Judge.

Reginald Kendrick appeals the order denying his motion filed under

Florida Rule of Criminal Procedure 3.800(a). We affirm but certify a question of great

public importance.

In his motion, Mr. Kendrick argued that because he was a juvenile at the

time he committed second-degree murder, his life sentence for the offense was illegal

under Miller v. Alabama, 132 S. Ct. 2455, 2475 (2012) (holding that the Eighth

Amendment prohibits mandatory life sentences without the possibility of parole for

juveniles who commit homicide). The postconviction court correctly denied Mr.

Kendrick's motion based on this court's opinion in <u>Starks v. State</u>, 128 So. 3d 91, 92

(Fla. 2d DCA 2013) (holding in a postconviction proceeding that because second-

degree murder with a firearm is a life felony punishable by life or by imprisonment for a

term of years not exceeding life, juvenile's life sentence was not unconstitutional under

<u>Miller</u>), <u>disapproved of on other grounds</u>, <u>Lawton v. State</u>, 40 Fla. L. Weekly S195 (Fla.

Apr. 9, 2015).

In <u>Landrum v. State</u>, 40 Fla. L. Weekly D1178 (Fla. 2d DCA May 20,

2015), this court also found that a postconviction court correctly cited <u>Starks</u> when it

denied a motion to correct illegal sentence filed by a defendant convicted of committing

second-degree murder when she was a juvenile.  Although we affirmed the

postconviction court's order, we recognized the sentencing incongruity that now exists in

this district since the legislature enacted chapter 2014-220, § 3, at 2873, Laws of

Florida, and the Florida Supreme Court decided <u>Horsley v. State</u>, 160 So. 3d 393 (Fla.

2015):

> a juvenile convicted of first-degree murder enjoys the right to
> eventual review of his or her sentence without regard to the
> date of his or her offense while a juvenile convicted of
> second-degree murder and sentenced to life before the
> effective date of the new legislation does not.  This
> circumstance also raises the question whether those
> juveniles convicted of second-degree murder and sentenced
> to life imprisonment before July 1, 2014, are entitled to the
> individualized sentencing hearing called for in <u>Miller</u>.

<u>Landrum</u>, 163 So. 3d 1261.  As we did in <u>Landrum</u>, we answer this question in the

negative based on our decision in <u>Starks</u>.  Also as we did in <u>Landrum</u>, we certify the

following question as one of great public importance:

> BECAUSE THERE IS NO PAROLE FROM A LIFE
> SENTENCE IN FLORIDA, DOES <u>MILLER V. ALABAMA</u>,

- 2 -

132 S. Ct. 2455 (2012), REQUIRE THE APPLICATION OF THE PROCEDURES OUTLINED IN SECTIONS 775.082, 921.1401, and 921.1402, FLORIDA STATUTES (2014), TO JUVENILES CONVICTED OF SECOND-DEGREE MURDER AND SENTENCED TO A NONMANDATORY SENTENCE OF LIFE IN PRISON BEFORE THE EFFECTIVE DATE OF CHAPTER 2014-220, LAWS OF FLORIDA?

Affirmed; question certified.

WALLACE and KHOUZAM, JJ., Concur.