# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2490
Lower Tribunal No. 80-9587D
_____


**Samuel Lee Lightsey, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Samuel Lee Lightsey, Jr., in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before ROTHENBERG, SALTER, and LOGUE, JJ.

ROTHENBERG, J.

Samuel Lee Lightsey, Jr. ("Lightsey") appeals the trial court's order denying

his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.

In 1981, Lightsey was tried, convicted, and sentenced to three consecutive non-mandatory life sentences for three counts of second degree murder. When he committed these offenses in 1980, he was a juvenile. Lightsey contends that based on the United States Supreme Court's decisions in Graham v. Florida, 130 S. Ct. 2011 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), and the Florida Supreme Court's opinion in Horsley v. State, 160 So. 3d 393 (2015), his life sentences are illegal and he is entitled to a new sentencing hearing. For the reasons that follow, we disagree, but because this issue is currently before the Florida Supreme Court in Landrum v. State, 163 So. 3d 1261 (Fla. 2d DCA 2015), review granted, 2015 WL 3937380 (Fla. June 18, 2015), we join the following certified question issued by the Second District Court of Appeal in Landrum:

> BECAUSE THERE IS NO PAROLE FROM A LIFE SENTENCE IN FLORIDA, DOES *MILLER V. ALABAMA*, ____ U.S. ____, 132 S. Ct. 2455, 183 L. Ed.2d 407 (2012), REQUIRE THE APPLICATION OF THE PROCEDURES OUTLINED IN SECTIONS 775.082, 921.1401, and 921.1402, FLORIDA STATUTES (2014), TO JUVENILES CONVICTED OF SECOND-DEGREE MURDER AND SENTENCED TO A NON-MANDATORY SENTENCE OF LIFE IN PRISON BEFORE THE EFFECTIVE DATE OF CHAPTER 2014-220, LAWS OF FLORIDA?

In Graham, the United States Supreme Court concluded that the Eighth Amendment to the U.S. Constitution prohibits a sentence of life imprisonment

2

without parole for juveniles who commit nonhomicide offenses. Graham, 130 S. Ct. at 2011. Two years later, the United States Supreme Court held in Miller that a mandatory life sentence without the possibility of parole for a juvenile offender who commits a homicide offense also violates the Eighth Amendment. The Miller court held that although a trial court may sentence a juvenile offender who commits a homicide offense to a sentence of life imprisonment, such a sentence should be reserved for the "rare" juvenile offender "whose crime reflects irreparable corruption." Miller, 132 S. Ct. at 2469 (internal quotation omitted). Thus, juvenile offenders are entitled to individualized consideration of the attendant circumstances associated with their youth. Id. "A judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." Id. at 2475.

In 2014, the Florida Legislature enacted legislation in order to bring Florida in compliance with Graham and Miller. See Ch. 2014-220, Laws of Fla. However, the legislation was written to run prospectively, with an effective date of July 1, 2014. Because the legislation did not remedy the pre-July 1, 2014 unconstitutional sentences, the Florida Supreme Court ordered the application of Chapter 2014-220, Laws of Florida, "to all juvenile offenders whose sentences are unconstitutional in light of Miller." Horsley, 160 So. 3d at 405-06.

Lightsey's 1981 sentence is not unconstitutional under Graham or Miller,

3

and it is not in conflict with Chapter 2014-220 or <u>Horsley</u>. Lightsey was sentenced for three homicide offenses to three consecutive non-mandatory life sentences. Because the jury convicted Lightsey of second degree murders, the trial court did not impose mandatory life sentences without the possibility of parole as it would have been required to impose in 1981 if Lightsey had been convicted of first degree murder. Instead, the trial court conducted an individualized sentencing hearing and imposed non-mandatory life sentences after considering the facts and circumstances surrounding the homicides and the mitigating circumstances, including Lightsey's age at the time the homicides were committed.

Because Lightsey's sentences are not unconstitutional, and they do not violate any of the principles or holdings in <u>Graham</u>, <u>Miller</u>, or <u>Horsley</u>, his sentences are not illegal and he is therefore not entitled to another individualized sentencing hearing. To hold otherwise would simply provide Lightsey and similarly situated defendants who committed homicide offenses and whose sentences are not illegal with a second sentencing hearing many years, and in this case over twenty-five years, after they were constitutionally sentenced, resulting in great prejudice to the State.

A new sentencing hearing substantially differs from a review hearing. A review hearing essentially focuses on evidence of the defendant's rehabilitation. A sentencing hearing is much broader and the interests are different. At a sentencing

4

hearing, the trial court generally considers the defendant's actions during commission of the offense, the defendant's prior involvement in the criminal justice system, the impact his actions have had upon the victim's family, the defendant's age and level of maturity at the time he committed the offense, and other aggravating and mitigating factors. One of the components at a sentencing hearing is to punish the defendant for his criminal actions.

While evidence of rehabilitation will generally be fairly easy to access by reviewing prison records, the converse is true regarding the evidence typically relied on at a sentencing hearing. In many cases, as in Lightsey's case, because his offenses were committed over twenty-five years ago, the prosecutor and judge who tried the case, and who would have been most familiar with the facts and circumstances of the case, will be long gone. Family members of the homicide victims may be unlocatable or deceased, law enforcement who investigated the case may no longer be available, and trial transcripts, police reports, and other important data may have been destroyed. Thus, the new sentencing judge, in many cases, will be tasked with imposing a sentence based on a cold and most likely incomplete record with little or no input from the people who were most affected by the death of the victim. While such sentencing problems must be dealt with when the original sentence has been deemed to have been unconstitutional, there is no reason to create these sentencing problems where the original sentence imposed

is constitutional and consistent with Florida's current statutory scheme regarding juvenile sentencing.

Accordingly, we affirm the order under review, but because this issue is currently before the Florida Supreme Court, we join the certified question posed by the Second District Court of Appeal in Landrum.

Affirmed; question certified.