NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHARLES BRAXTON, JR.,  )
                       )
    Appellant,         )
                       )
v.                     )    Case No. 2D15-3473
                       )
STATE OF FLORIDA,      )
                       )
    Appellee.          )
_____)

Opinion filed March 10, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Diana Moreland, Judge.

Charles Braxton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Respondent.

PER CURIAM.

       Charles Braxton, Jr., appeals the order summarily denying his motion filed

under Florida Rule of Criminal Procedure 3.850(b)(2), which provides an exception to

the two-year time limit for newly established constitutional rights that have been held to

apply retroactively.  We reverse.

In 1987, a jury found Mr. Braxton guilty as charged of second-degree murder and of armed robbery. The trial court departed from the sentencing guidelines and imposed concurrent sentences of life imprisonment. In his postconviction motion, Mr. Braxton argued that because he was a juvenile at the time of the offenses, his life sentences are unconstitutional under Miller v. Alabama, 132 S. Ct. 2455, 2475 (2012) (holding that a mandatory sentence of life in prison without parole for juvenile offenders violates the Eighth Amendment), and Graham v. Florida, 560 U.S. 48, 74 (2010) (holding that the Eighth Amendment categorically forbids a mandatory sentence of life in prison without parole for a juvenile who commits a nonhomicide offense). Both of these cases apply retroactively. See Falcon v. State, 162 So. 3d 954, 956 (Fla. 2015) (applying Miller); Kleppinger v. State, 81 So. 3d 547, 550 (Fla. 2d DCA 2012) (applying Graham).

Relying on Starks v. State, 128 So. 3d 91, 92 (Fla. 2d DCA 2013), quashed, 41 Fla. L. Weekly S372, 372 (August 22, 2016), the postconviction court denied relief. But while this appeal was pending, the supreme court disapproved Starks. See Landrum v. State, 192 So. 3d 459, 470 (Fla. 2016) (holding that a discretionary life sentence imposed on a juvenile without consideration of how children are different is unconstitutional under Miller); see also Lawton v. State, 181 So. 3d 452, 453 (Fla. 2015) (holding that Graham does not allow for an exception to the categorical rule against sentencing juvenile offenders to life imprisonment without parole for nonhomicide offenses).

Accordingly, we reverse the postconviction court's order denying Mr. Braxton's rule 3.850 motion and remand for resentencing pursuant to chapter 14-220 as

- 2 -

codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).  See Henry v. State, 175 So. 3d 675, 680 (Fla. 2015) (holding that resentencing pursuant to chapter 14-220 is the proper remedy for a sentence that violates Graham); Horsley v. State, 160 So. 3d 393, 406 (Fla. 2015) (holding that resentencing pursuant to chapter 14-220 is the proper remedy for a sentence that violates Miller).

Reversed and remanded.


LaROSE, CRENSHAW, and SALARIO, JJ., Concur.