IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALFRED E. HAWKINS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1120

Opinion filed June 1, 2017.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Valarie Linnen, Atlantic Beach, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR CLARIFICATION

BILBREY, J.

Upon the State's motion for clarification of our original opinion, we grant

the motion, withdraw the original opinion, and substitute the following opinion.

After a jury trial, Appellant was convicted of first degree murder with a firearm, armed robbery with a firearm, and tampering with physical evidence following the death of Alex Blas. Appellant challenges the trial court's denial of his motion for judgment of acquittal as to all three counts, but applying a de novo standard of review, we find the evidence was legally sufficient. See Durousseau v. State, 55 So. 3d 543 (Fla. 2010).

Appellant, who was seventeen at the time the crimes were committed, also challenges his life sentences for the murder and robbery convictions as violations of the Florida and federal constitutions' prohibition of cruel and unusual punishment. See Art. I, § 17, Fla. Const.; Amend. VIII, U.S. Const. The trial court conducted an individualized sentencing and considered the factors under section 921.1401, Florida Statutes, which was added to address the prohibition set forth in Miller v. Alabama, 567 U.S. 460 (2012), of a mandatory life sentence for any crime committed by a juvenile. The trial court also ordered a "sentence review hearing" to occur after 25 years, pursuant to section 921.1402, Florida Statutes, due to the fact Appellant was convicted of a "capital felony," referencing the homicide offense. Appellant's life sentence for the homicide offense (1st Degree Murder) is therefore constitutional and in compliance with Florida law.

As to the life sentence for robbery (count II), the trial court's order for a sentence review hearing did not clearly specify that the review applied to both the

capital felony and the nonhomicide felony (armed robbery with firearm). In Graham v. Florida, 560 U.S. 48, 75 (2010), the United States Supreme Court held that a life sentence for a crime committed by juvenile who did not commit a homicide offense was unconstitutional as cruel and unusual punishment, unless there was "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." For a time after Graham, there was a split of authority among the district courts of Florida as to whether the prohibition in Graham of a life sentence for a nonhomicide offense, which would be otherwise punishable by life, applied when a juvenile also committed a homicide in the same criminal episode. This court took the position that Graham prohibited a life sentence without meaningful opportunity for early release for a nonhomicide offense even when a juvenile committed a homicide in the same criminal episode. See Jackson v. State, 187 So. 3d 853 (Fla. 1st DCA 2013). The Florida Supreme Court agreed and stated, "Graham's categorical rule leaves no room for the homicide-case exception." Lawton v. State, 181 So. 3d 452, 453 (Fla. 2015). The Court in Lawton went on to state, "the ban on sentencing juveniles to life without parole for nonhomicide offenses is, indeed, unqualified." Id.

However, a life sentence with future judicial review, as provided by section 921.1402, Florida Statutes (2014), validly addresses the constitutional requirements for cases such as Appellant's. See Horsley v. State, 160 So. 3d 393

3

(Fla. 2015); see also Kelsey v. State, 206 So. 3d 5, 10 (Fla. 2016) (agreeing that the "new sentencing scheme contemplates the possibility of a life sentence for a juvenile nonhomicide offender."). Since the sentence for count II imposes a life sentence without clearly providing a meaningful opportunity for early release, we must remand for resentencing.

Based on the above, the convictions for counts I, II, and III, and the sentences for counts I and III are AFFIRMED. However, Appellant's life sentence for count II, armed robbery with a firearm, committed when he was seventeen, is REVERSED and REMANDED for resentencing, including the judicial review provided for by section 921.1402, Florida Statutes, as applicable.

WETHERELL and JAY, JJ., CONCUR.