NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

COREY L. BROWN, JR.,  )
                      )
        Appellant,    )
                      )
v.                    )        Case No. 2D15-5617
                      )
STATE OF FLORIDA,     )
                      )
        Appellee.     )
_____)

Opinion filed November 8, 2017.

Appeal from the Circuit Court for
Sarasota County; Thomas W. Krug, Judge.

Brett S. Chase of Chase Law Florida, P.A.,
Saint Petersburg, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.

CRENSHAW, Judge.

        Corey L. Brown, Jr., appeals his judgment and sentence for second-

degree murder with a firearm, an offense he committed as a juvenile. After a jury found

him guilty, the trial court sentenced Brown to forty years' prison with a twenty-five-year

mandatory minimum term based on the jury's finding that he caused the victim's death

by discharging a firearm during the offense. See § 775.087(2)(a)(3), Fla. Stat. (2013).

We find merit in only one of the issues raised in this appeal and affirm Brown's conviction without further comment. We also conclude that the trial court conducted an appropriate sentencing hearing in accordance with section 921.1401, Florida Statutes (2014), and thus affirm the trial court's decision to sentence Brown to forty years' prison. See, e.g., Young v. State, 219 So. 3d 206, 209 (Fla. 5th DCA 2017). Because we agree with Brown that the trial court failed to make written findings regarding his entitlement to a sentence review as now required by section 775.082(3)(a)(5)(c), Florida Statutes (2014), we remand for the trial court to make those findings.

Brown preserved this issue by raising it in a motion to correct sentencing error that was deemed denied after it had not been ruled on within sixty days. See Fla. R. Crim. P. 3.800(b)(2)(B). Because Brown was convicted under section 782.04(2), Florida Statutes (2013), of an offense that was reclassified as a life felony pursuant to section 775.087(1)(a) which he committed before he was eighteen, he is eligible for sentence review under section 775.082(3)(a)(5). However, the record contains no written findings that Brown is entitled to sentence review as required by section 775.082(3)(a)(5)(c). Accordingly, we must remand for the trial court to make the necessary written findings regarding Brown's entitlement to sentence review. See Cook v. State, 225 So. 3d 268, 269 (Fla. 4th DCA 2017); Cutts v. State, 225 So. 3d 244, 245-46 (Fla. 4th DCA 2017); see also Hawkins v. State, 219 So. 3d 982 (Fla. 1st DCA 2017).

Affirmed and remanded with directions.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.